**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VINCENT BRIZGYS | )    FILED: NOVEMBER 14, 2008 |
| | )    08 CV 6568 |
| Plaintiff | )    JUDGE PALLMEYER |
| | )    MAGISTRATE JUDGE MASON |
| v. | )    YM |
| | ) |
| SUPERIOR ASSET MANAGEMENT, INC., | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

### INTRODUCTION

1.    Plaintiff, Vincent Brizgys, brings this action to secure redress against unlawful collection practices engaged in by defendant Superior Asset Management, Inc., in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-*et seq*., ("FDCPA"), and the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k (FDCPA).

3.    Venue and personal jurisdiction over Defendant in this District is proper because:

        a.    Plaintiff resides in the District;

        b.    Defendant's activities towards Plaintiff occurred within the District.

**PARTIES**

4.     Plaintiff is an individual who resides in the Northern District of Illinois.

5.     Superior Asset Management, Inc., is corporation organized under the law of the State of Georgia.  Its registered agent and office is Lawyers Incorporating Service, 14 Centre Street, Concord, NH 03301.

6.     Superior Asset Management, Inc., is engaged in the business of attempting to collect defaulted debts from consumers, and uses the mail and telephone system for that purpose.

7.     Superior Asset Management, Inc., is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTS**

8.     During October of 2008, plaintiff, an attorney, received multiple, similar, prerecorded calls on his cell phone from 1-800-895-2989, a phone number used by debt collector Superior Asset Management, Inc.  The caller asked for a person other than the plaintiff.  None of the calls stated the purpose of the call.

9.     Plaintiff had no prior relationship with Superior Asset Management, Inc.

10.     Plaintiff tracked down the number, identified the caller as Superior Asset Management, Inc., called defendant and was advised that his phone number would be removed from its system, but continued receiving calls.

11.     Defendant's phone calls were an attempt to collect on a purported debt owed by another and, on information and belief, incurred for personal, family, or household purposes.

2

## COUNT I – FDCPA

12.     Plaintiff incorporates paragraphs 1-11.

13.     15 U.S.C. § 1692d(6) prohibits:

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identify.

14.     15 U.S.C. § 1692e(11) prohibits:

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that intitial oral communication, that the debt collector is attempting to collect a debt and that any any information obtained will be used for that purpose, and the failure to disclose in subsequent communication that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15.     Superior Asset Management, Inc.'s calls were a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Foti v. NCO Fianncial Systems*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc*., 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J.J. MacIntyre Cos*., 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs*., 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept 18, 2006); *Stinson v. Asset Acceptance, LLC*, 1:05cv1026, 2006 WL 1647134, 2006 U.S.Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP*, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

16.     Superior Asset Management, Inc. did not make a meaningful disclosure of the caller's identity.

17.     Superior Asset Management, Inc. failed to disclose that the

communication was from a debt collector.

WHEREFORE, Plaintiff requests this Court to enter judgment in favor of

Plaintiff and against Superior Asset Management, Inc. for:

(1)     Statutory damages of $1,000

(2)     Attorney's fees, litigation expenses and costs of suit; and

(3)     Such other relief as the Court deems proper.

## COUNT II - TCPA

18.     Plaintiff incorporates paragraphs 1-11.

19.     47 U.S.C. § 227, in pertinent part, provides:

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions
It shall be unlawful for any person within the United States, or any person
outside the United States if the recipient is within the United States–

(A) to make any call (other than a call made for emergency purposes or
made with the prior express consent of the called party) using any
automatic telephone dialing system or an artificial or prerecorded voice–

* * *

(iii) to any telephone number assigned to a paging service, cellular
telephone service, specialized mobile radio service, or other radio common
carrier service, or any service for which the called party is charged for the
call;

20.     Superior Asset Management, Inc.'s conduct violated the TCPA, *Leckler v.*

*Cashcall, Inc.*, 554 F.Supp.2d 1025, 1033 (N.D. Cal. 2008) ("the Court finds that partial

summary judgment in plaintiff's favor is appropriate because defendant violated the TCPA when

it called plaintiff's cell phone using an autodialer and prerecorded messages without plaintiff's

prior express consent.").

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Superior Asset Management, Inc. for:

(1)      $1500 for each violation of the TCPA

(2)      Costs of suit; and

(3)      Such other relief as the Court deems proper.


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.


s/ Daniel A. Edelman
Daniel A. Edelman

T:\21996\Pleading\Amended Complaint_Pleading.wpd5

5

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

6